IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

    Plaintiff,            No. CIV S-12-0172 MCE DAD PS

    v.

PRISCILA M. BALTAGAR, et al.,    FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

       This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

1  28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is
2  based on an indisputably meritless legal theory or where the factual contentions are clearly
3  baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

4  To state a claim on which relief may be granted, the plaintiff must allege "enough
5  facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550
6  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
7  accepts as true the material allegations in the complaint and construes the allegations in the light
8  most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg.
9  Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242,
10 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
11 lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as
12 true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western
13 Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

14 The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . , (2) a short and plain statement of the
> claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

18 Fed. R. Civ. P. 8(a).

19 Here, plaintiff's filing is deficient in several respects.  First, plaintiff's one-page
20 complaint, although certainly short, does not contain a plain statement of the grounds upon which
21 the court's jurisdiction depends.  In this regard, plaintiff's complaint consist exclusively of vague
22 and conclusory allegations, and is nearly incomprehensible.

23 Jurisdiction is a threshold inquiry that must precede the adjudication of any case
24 before the district court.  <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>,
25 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may
26 adjudicate only those cases authorized by federal law.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511

U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

3

be conferred by federal statutes regulating specific subject matter.  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal law creates a cause of action.  A case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

"'Arising under' federal jurisdiction only arises . . . when the federal law does more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere presence of a federal issue does not automatically confer federal-question jurisdiction, and passing references to federal statutes do not create a substantial federal question.  Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

In addition, plaintiff's complaint does not state a cause of action or allege the factual allegations underlying that cause of action.  In this regard, plaintiff's complaint reads as follows:

> ON 6 11 2010 PRISCILA M BALTAGAR FORGED FORECLOSURE DOCUMENT "DECLARATION OF COMPLIANCE CC SEC 2923(b) TO PROCEDE [sic] FORECLOSURE ON 420 LAS PALMAS AVE IN SACRAMENTO CA, IN VIOLATION OF FEDERAL AND

> LOCAL LAWS CAL SB 2923 & 2923.b AND US CODE TITLE 9 (ARBITRATION) AND LOCAL LAWS EVER SINCE 6 11 2010 FIN.CO DOES NOT RELEASE REFINANCING STATEMENT (HUD PRESENTED REF, DOCUMENTS ON SEVERAL OCASIONS [sic] WITHOUT RESULT) SPRINGLEAF CLAIMS DEED AS LEGAL DOCUMENT THAT WOULD PROVE ANY CONTACT ADMITTED GUILT IN COURT CASE IN SUP CT IN SACRAMENTO (ALLOWING 3 MOS EXTENTION [sic] OF REFINANCING PERIOD WHERE AGAIN DENIED ACCESS TO HUD REFINANCE[.]

(Compl. (Doc. No. 1) at 1.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Finally, plaintiff's complaint appears to refer to a prior action between the parties that was apparently filed in the Sacramento County Superior Court. Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). The doctrine applies to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The

1  purpose of the doctrine is to protect state judgments from collateral federal attack." Doe &
2  Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).  Pursuant to this
3  doctrine, a federal district court is prohibited from exercising subject matter jurisdiction over a
4  suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d
5  1136, 1139 (9th Cir. 2004).  A federal district court may not examine claims that are inextricably
6  intertwined with state court decisions, "even where the party does not directly challenge the
7  merits of the state court's decision but rather brings an indirect challenge based on constitutional
8  principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003).  See also Ignacio v.
9  Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district
10 court's dismissal of the case "because the complaint is nothing more than another attack on the
11 California superior court's determination in [plaintiff's] domestic case").

12         For all of the reasons cited above, plaintiff's complaint should be dismissed for
13 failure to state a claim upon which relief can be granted.

14         The undersigned has carefully considered whether plaintiff may amend his
15 pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to
16 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
17 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake
18 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
19 while leave to amend shall be freely given, the court does not have to allow futile amendments).
20 In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted
21 above, the court finds that it would be futile to grant plaintiff leave to amend.

22         Plaintiff has also filed a motion for a temporary restraining order.  The standards
23 governing the issuance of temporary restraining orders are "substantially identical" to those
24 governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D.
25 Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  "[I]njunctive relief [is] an
26 extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); see also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[2]

As discussed above, the undersigned will recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. In light of that recommendation, it is unlikely that plaintiff will succeed on the merits of the claims alleged in his complaint. Moreover, for the same reasons, the court finds that plaintiff has not raised serious questions with respect to the merits of his claims. Accordingly, the undersigned will recommend that plaintiff's motion for a temporary restraining order be denied.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's January 24, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

2. Plaintiff's January 24, 2012 complaint be dismissed without leave to amend;

3. Plaintiff's February 2, 2012 ex parte motion for a temporary restraining order (Doc. No. 3) be denied; and

4. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\dean0172.ifpden.tro.f&rs